DJS:sr

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 00-6187-Cr-ZLOCH |
| | ) | Magistrate Judge Snow |
| v. | ) | **NIGHT BOX** |
| | ) | **FILED** |
| HUSSEIN AHMAD BAHSOUN | ) | |
| | ) | JUL 1 7 2000 |
| Defendant. | ) | |
| | ) | CLARENCE MADDOX |
| | | CLERK, USDC / SDFL / FTL |

**GOVERNMENT'S RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.  1.  The government is unaware of any written or recorded statements made by the defendant, except those attached to this response and incorporated herein by response, and those in the possession of the United States Secret Service, which may be inspected by appointment with U.S. Secret Service Special Agent Wanda I. Fuentes or Special Agent Kevin Levy (telephone number (954) 629-1800).

          2.  Attached and incorporated herein by reference is the substance of an oral statement made by the defendant after being advised of his rights by a person then known to the defendant to be a government agent, and which the government may use at trial, as set forth in the Complaint in this cause. In addition, agents at that time mentioned to the defendant, telecommunications activity in Houston, Texas, to which the defendant responded, "you have done your homework."Other statements are available for review at the office of the United



States Secret Service, and may be inspected by mutually convenient appointment, which may be made by contacting Special Agent Wanda I. Fuentes or Special Agent Kevin Levy at (305) 629-1800.

3. The defendant did not testify before the Grand Jury.

4. The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant, may be inspected at a mutually convenient time at the Office of the United States Secret Service, 8375 N.W. 53rd Street, Miami, Fl 33166. Please call Special Agent Wanda I. Fuentes or Special Agent Kevin Levy at (305) 629-1800 to set up a date and time that is convenient to both parties.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case, except as may be inspected at the office of the United States Secret Service, by appointment with Special Agent Wanda I. Fuentes or Special Agent Kevin Levy, who may be contacted at (305) 629-1800.

B.   DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.   The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

2

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. There were no lineup, show up, photo spread or similar identification proceedings in this case.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents or others which may be provided at a later date.

I. N/A

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No contraband is involved in this indictment, except fraudulently obtained identification and access device numbers, which may be examined by appointment with Special Agent Wanda I. Fuentes or Special Agent Kevin Levy, who may be contacted at (305) 629-1800.

L. The government is not in possession of any vehicle used in the commission of this offense.

3

|   |   |   |
|---|---|---|
| M. | | The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant(s). |
| N. | N/A | |
| O. | N/A | |
| P. | N/A | |

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

Time:   At all times on the dates indicated
Date:   Approximately April 11,2000, through June 19,2000
Place:  Broward County, Southern District of Florida, including 4891 N.W. 103 Ave., #11, Sunrise, Florida, and 868 Tivoli Circle, #101, Deerfield, Florida

4

The attachments to this response are numbered pages 1-**205**. Please contact the undersigned Assistant United States Attorney if any pages are missing.

```
                        Respectfully submitted,

                        GUY A. LEWIS
                        UNITED STATES ATTORNEY

                  By:   _____
                        DEBRA J. STUART
                        Assistant United States Attorney
                        Court No. 5500061
                        500 E. Broward Blvd., 7th Floor
                        Ft. Lauderdale, Fl 33394
                        Tel: (954) 356-7255, ext.3597
                        Fax: (954) 356-7336
```

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was sent by overnight courier on this 17th day of July, 2000 to: Ana M. Jhones, Esquire, 330 Biscayne Blvd., Bayside Plaza, Suite 625, Miami, Fl 33132.

```
                        _____
                        DEBRA J. STUART
                        Assistant United States Attorney
```

5