IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case Number: 00-6187-CR-ZLOCH

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

HUSSEIN AHMAD BAHSOUN,

    Defendant,

_____/



## DEFENDANT, HUSSEIN AHMAD BAHSOUN'S
## EXCEPTIONS TO PSI

COMES NOW the Defendant, HUSSEIN AHMAD BAHSOUN, by and through her undersigned counsel who pursuant to Rule 32(c)(3)(A) of the Federal Rules of Criminal Procedure and hereby files this, his Exceptions to the Pre-Sentence Investigation Report. The exceptions are as follows:

### *Exceptions to the PSI*

### *Introduction*

Not all of the exceptions to the Pre-Sentence Investigation Report (hereinafter referred to as "PSI") listed below affect the offense level calculation. Some of the exceptions simply deal with the accuracy of the facts in the Offense Conduct portion of the PSI and other areas of the PSI. The exceptions are as follows:

### Objection # 1: As to Page 2 of the PSI

The Defendant would, most respectfully, object to the PSI wherein it states the Mr. Bahsoun's citizenship is Lebanese. While Mr. Bahsoun was born in Lebanon, his family moved to and he has resided and is a citizen of Canada.

### Objection # 2: As to Page 2, of the PSI:

The Defendant would object to the PSI wherein it states that Mr. Bahsoun has not used any aliases. Mr. Bahsoun has used his brother's name: Sam Bahsoun in the past. In addition, he used the name of "Charlie Fakhoury"

### Objection # 3: As to Page 4, of the PSI ¶ 7:

The Defendant would object to the characterization that the Defendant "invited them [law enforcement] inside the residence". Additionally, the Defendant would object that the search of the house and warehouse was done pursuant to consensual search. While the Defendant chose <u>does not</u> to challenge the legality of the search, as part and parcel to his full and complete acceptance of responsibility. He nevertheless, for the sake of accuracy, does object to the recitation in the PSI as to the factual accuracy concerning the circumstances of the search of his home and the warehouse in question. The written consent was obtain <u>after</u> the agents has fully searched his home.

### Objection# 4 as to Page, 5 & of the PSI ¶'s 10 & 15:

Page 2

The Defendant would object to the conclusion stated by the Government and adopted by the United States Probation Office, without the benefit of any independent research, that the amount of loss involved in this case amounts to $237,666.00. Firstly, this amount is in excess of the amount stated by the government in their discovery as well as on the record in the plea colloquy of this matter. Additionally, the amount stated in the discovery which was under $150,000.00, is also inaccurate. Contained in the Government's discovery, are charts, that have a #, a "date " "orig Nbr", "tm cty", "dial nbr", "mins", "rate", and "CIC code". All these categories are filled in with the exception of the "rate" amount.

In another portion of the discovery, there are documents that describe figures calculated by the two victims in this case, "ATT&T" and "MCI" as being "estimates".

The Government bears the burden of producing evidence relative to the amount of loss. The Government, to date, despite numerous requests[1].

### Objection # 5, As to Page 5 & 6, of the PSI ¶'s 12 & 22:

The Defendant has submitted an Acceptance of Responsibility Statement pursuant to §3E1.1. However, the written statement was submitted after the Probation office had completed the initial report. It is expected that acceptance of responsibility

---

[1] A Motion to Compel procduction is being submitted to the Court along with the Exceptions to PSI.

Page 3

### Objection # 6, As to Page 10 of the PSI ¶'s 44:

The Defendant would object to these paragraphs to the extent that it states that the "Defendant would not comment as to the amount of money he earned from his criminal activities". The Defendant did state to the Probation Officer that he had made approximately, $ 5,000.00. That this operation had been in existence for a short period of time, under 60 days.

### Objection # 7, As to Pages 5,6,12 of the PSI ¶'s 15 & 60:

The Defendant objects to the total base offense level in this case as being "16". The base offense level in this matter equals: **6**. Additionally, under §(b) Specific Offense Characteristics another increase of **6** points is called for in this matter. The Government has concluded, and the Probation office has adopted this conclusion, that the base offense level should be increased by **"8"** points due to the amount of "loss" being "more than $ 200,000". Additionally, the Government believes that another "2" points is called for under § 2F1.1(2) due to their belief that this case involved "more than minimal planning". The Defendant, does not object to the increase of "2" points based on "more than minimal planning".

Thus, the total base offense level should equal "**14**".

### Objection # 8, As to Page 13 of the PSI ¶' 67:

The Defendant objects to the amount of restitution reflected in the PSI. This amount is unsubstantiated, in any regard, by the

Government and the victims "AT&T and MCI.

## *MEMORANDUM OF LAW REGARDING*

The applicable guideline section relevant to this case is §2F1.1 of the United States Sentencing Guidelines (hereinafter referred to as "USSG" or "the Guidelines". In addition, to §2F1.1 there is a cross-reference to §2B1.1 that is to be used as reference for certain definitions contained under §2F1.1, such as the definition of "Loss" as discussed in the commentary to §2B1.1.

> "Loss" means the value of the property taken, damaged, or destroyed. Ordinarily, when property is taken or destroyed the loss is the fair market value of the particular property at issue. Where the market value is difficult to ascertain or inadequate to measure harm to the victim, the court may measure loss in some other way, such as reasonable replacement cost to the victim. Loss does not include the interest that could have been earned had the funds not been stolen. When property is damaged, the loss is the cost of repair, not to exceed the loss had the property been destroyed. Examples: (1) In the case of theft of a check or money order, the loss is the loss that would have occurred if the check or money order had been chased. (2) In the case of a defendant apprehended taking a vehicle, the loss is the value of the vehicle even if the vehicle is recovered immediately.
>
> See Application Note 8 of §2F1.1 citing to Application Note 2 of §2B1.1 of the USSG.[2]

---

[2]There has been criticism on the part of some in the judiciary regarding the interchangeable references between the fraud section of the guidelines (§2F1.1 and the theft section (§2B1.1). See Comments of Chief Judge J. Phil Gilbert (SD ILL.), Statement on "Loss" on Behalf of the Judicial Conference Committee on Criminal Law, Federal Sentencing Reporter,Volume 10, No. 3, November/December 1997.

Page 5

In addition, as guidance, Application Note 9, of §2F1.1 explains that as it relates to the determination of the Specific Offense Characteristics under (b)(1) of this guideline

> . . . the loss need not be determined with precision. The court need only make a reasonable estimate of the loss, given the available information. This estimate, for example, may be based upon the approximate number of victims and the average loss to each victim, or on more general factors such as the nature and duration of the fraud and the revenues generated by similar operations. The offender's gain from committing the fraud is an alternative estimate that ordinarily will underestimate the loss.

Application Note 9: §2F1.1 of the USSG

## Government's Burden:

"When a defendant challenges one of the factual bases of his sentence. . . the Government has the burden of establishing the disputed fact by a preponderance of the evidence". United States v. Lawrence, 47 F.3d 1559,1566 (11th Cir. 1995). This burden, Lawrence has explained must be satisfied with "specific evidence". Furthermore, if the government is seeking a more "serious sentence", the "government must prove facts warranting [a] more serious sentence with evidence bearing 'sufficient indicia of reliability to support its probable accuracy' "United States v. Sepulveda, 115 F.3d 882, 890 (11th Circ. 1997) citing to citing to United States v.Bernardine, 73 F.3d 1078, 1080-81 (11th Cir. 1996).

Given the facts of the case before this Court, it is not necessary to make a determination of the "loss" to the two victims, i.e. AT&T and MCI, because the loss is easily attainable. The amount of long distance charged by these two companies to its customers,

during the relevant time periods involved in this case are set in stone. There is no need to resort to a "reasonable estimate" as defined in Application note 9 of §2F1.1. Although it is clear that in so doing, while it may be permissible for the courts to determine "estimates" when a certain determination is not clearly ascertainable, "courts must not speculate concerning the existence of a fact which would permit a more severe sentence under the guidelines." Sepulveda, supra at 890 citing to United States v. Wilson, 993 F.2d 214, 218 (11th Cir. 1993). The Government has failed to provide the Defendant with a list of the prices charged by At&T and MCI during the months of April through June 2000, the relevant time periods as charged in the indictment of the telephone calls that were placed. In fact, the Government's discovery specifically omits the reference to the "Rate". See AT&T Proprietary Information-Use pursuant to Company Instructions, attached hereto and marked as **Exhibit "A"**.

## *CONCLUSION*

The role of the sentencing court is more important today than it has ever been. "The development of the guideline sentencing regime has not changed our view that, except to the extent specifically directed by statute, 'it is not the role of the an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence'" William v. United States, 503 U.S. 193, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992) citing to Solem v. Helm, 463 U.S. 277, 290, n.16, 103 S.Ct. 3001, 3009, n. 16, 77 L.Ed.2d 637 (1983).

The Government has failed to furnish the Defendant with the facts that are sufficient to carry it burden of proof. Throughout all of the discovery that has been provided in this case, inspite of repeated requests, the Government has failed to furnish the Defense with the rate per minute, in the time periods in questions, of international calls made to the places listed in the logs furnished by AT&T and MCI. Likewise, the United States Probation Office, inspite of the mandates of the <u>Mandatory Restitution to Victims of Certain Crimes</u>, Title 18 USC §3663A has been unable to obtain from AT&T and MCI the specific rates charged in the dates and times in questions for the calls made.

HUSSEIN AHMAD BAHSOUN is respectfully requesting that the Court sustain the objections to the PSI and that the total base offense level be adjusted accordingly.

I HEREBY CERTIFY that a copy of the foregoing was furnished, by mail, to Jeffrey H. Kay, Assistant US Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, FL 33394 and to Frank E. Smith, United States Probation Officer, 299 E. Broward Blvd. Room 409, Fort Lauderdale, FL 33301-1168 and to the Defendant, HUSSEIN AHMAD BAHSOUN, REG #60809-004, FDC Miami, PO Box 019120, Miami, Florida, 33101-9120, this ____ day of October, 2000.

                    Respectfully submitted,

                    ANA M. JHONES
                    Attorney at Law
                    Bayside Plaza, Suite 625
                    330 Biscayne Boulevard

Page 8

Miami, FL 33132
Telephone: (305) 374-4919 Dade
                (954) 537-5565 Broward
Fax    : (305) 374-3414 Dade Fax
        (954) 568-1870 Broward Fax

BY: _____

FOR: Ana M. Jhones
Florida Bar #771170

cr-06187-WJZ    Document 30    Entered on FLSD Docket 10/13/2000    Pa

Tony Haddad
545 Trace ...rcle @ Tivoli

| # | Date | Time | Orig Nbr | Tm Cty | Term Nbr | Dial Nbr | Mins | Rate | CIC Code |
|---|------|------|----------|--------|----------|----------|------|------|----------|
| 1 | 06/16/2000 | 16:31:23 | 954-7254140 | leban | 961-3422547 | 961-3422547 | 0.52 | $0.00 | 5861 |
| 2 | 06/16/2000 | 16:26:33 | 954-7254140 | leban | 961-3422547 | 961-3422547 | 0.73 | $0.00 | 5861 |
| 3 | 06/16/2000 | 16:21:47 | 954-7254140 | leban | 961-3422547 | 961-3422547 | 0.38 | $0.00 | 5861 |
| 4 | 06/16/2000 | 16:16:52 | 954-7254140 | leban | 961-3422547 | 961-3422547 | 1.27 | $0.00 | 5861 |
| 5 | 06/16/2000 | 0:47:29 | 954-7254140 | leban | 961-3706604 | 961-3706604 | 44.77 | $0.00 | 5861 |
| 6 | 06/16/2000 | 0:43:07 | 954-7254140 | leban | 961-3784071 | 961-3784071 | 2.85 | $0.00 | 5861 |
| 7 | 06/15/2000 | 12:46:22 | 954-7254140 | leban | 961-3422547 | 961-3422547 | 0.08 | $4.37 | 2881 |
| 8 | 06/08/2000 | 14:34:56 | 954-7254140 | leban | 961-3216066 | 961-3216066 | 0.03 | $4.37 | 2881 |
| 9 | 06/08/2000 | 14:34:32 | 954-7254140 | leban | 961-3216066 | 961-3216066 | 0.17 | $4.37 | 2881 |
| 10 | 06/08/2000 | 14:34:03 | 954-7254140 | leban | 961-3216066 | 961-3216066 | 0.07 | $4.37 | 2881 |
| 11 | 06/07/2000 | 13:23:02 | 954-7254140 | leban | 961-3422547 | 961-3422547 | 22.02 | $100.51 | 2881 |
| 12 | 06/06/2000 | 23:37:20 | 954-7254140 | leban | 961-3784071 | 961-3784071 | 0.25 | $4.37 | 2881 |
| 13 | 06/06/2000 | 1:27:09 | 954-7254140 | leban | 961-3784071 | 961-3784071 | 6.95 | $30.59 | 2881 |
| 14 | 06/04/2000 | 14:26:19 | 954-7254140 | leban | 961-3294680 | 961-3294680 | 36.47 | $161.69 | 2881 |
| 15 | 06/04/2000 | 14:03:53 | 954-7254140 | leban | 961-7505489 | 961-7505489 | 21.38 | $96.14 | 2881 |
| 16 | 06/04/2000 | 14:02:35 | 954-7254140 | leban | 961-7505489 | 961-7505489 | 0.87 | $4.37 | 2881 |
| 17 | 05/30/2000 | 17:30:28 | 954-7254140 | leban | 961-5260052 | 961-5260052 | 38.15 | $156.00 | 2881 |
| 18 | 05/09/2000 | 13:59:23 | 954-7254140 | leban | 961-3458175 | 961-3458175 | 13.37 | $61.18 | 2881 |
| 19 | 05/09/2000 | 5:42:56 | 954-7254140 | leban | 961-3592066 | 961-3592066 | 7.62 | $34.96 | 2881 |
| 20 | 05/09/2000 | 5:26:45 | 954-7254140 | leban | 961-3458175 | 961-3458175 | 11.17 | $52.44 | 2881 |
| 21 | 05/09/2000 | 5:25:51 | 954-7254140 | leban | 961-3458175 | 961-3458175 | 0.3 | $4.37 | 2881 |
| 22 | 05/09/2000 | 5:14:09 | 954-7254140 | leban | 961-1839812 | 961-1839812 | 0.95 | $4.37 | 2881 |
| 23 | 05/09/2000 | 4:54:54 | 954-7254140 | leban | 961-3458175 | 961-3458175 | 15.93 | $69.92 | 2882 |
| 24 | 05/09/2000 | 3:46:34 | 954-7254140 | leban | 961-6666037 | 961-6666037 | 0.65 | $4.37 | 2881 |
| 25 | 05/09/2000 | 3:45:10 | 954-7254140 | leban | 961-6666037 | 961-6666037 | 0.5 | $4.37 | 2881 |
| 26 | 05/09/2000 | 3:39:38 | 954-7254140 | leban | 961-6666037 | 961-6666037 | 4.72 | $21.85 | 2881 |
| 27 | 05/09/2000 | 3:37:00 | 954-7254140 | leban | 961-6666037 | 961-6666037 | 1.57 | $8.74 | 2881 |
| 28 | 05/09/2000 | 3:33:47 | 954-7254140 | leban | 961-6666037 | 961-6666037 | 1.92 | $8.74 | 2881 |
| 29 | 05/09/2000 | 3:30:41 | 954-7254140 | leban | 961-6666037 | 961-6666037 | 0.35 | $4.37 | 2881 |
| 30 | 05/09/2000 | 3:29:18 | 954-7254140 | leban | 961-6666037 | 961-6666037 | 0.67 | $4.37 | 2881 |
| 31 | 05/09/2000 | 3:24:27 | 954-7254140 | leban | 961-6666037 | 961-6666037 | 2.63 | $13.11 | 2881 |
| 32 | 05/09/2000 | 3:14:59 | 954-7254140 | leban | 961-3458175 | 961-3458175 | 5.4 | $26.22 | 2881 |
| 33 | 05/09/2000 | 2:33:55 | 954-7254140 | leban | 961-3458175 | 961-3458175 | 0.57 | $4.37 | 2881 |
| 34 | 05/09/2000 | 2:31:38 | 954-7254140 | leban | 961-3458175 | 961-3458175 | 1.28 | $8.74 | 2881 |
| 35 | 05/08/2000 | 14:54:34 | 954-7254140 | leban | 961-3458175 | 961-3458175 | 7.48 | $34.96 | 2881 |
| 36 | 05/08/2000 | 14:41:38 | 954-7254140 | leban | 961-3458175 | 961-3458175 | 10.08 | $48.07 | 2881 |

EXHIBIT "A"

Darnell Crawley
AT&T Security
DC-000601-105010

AT&T Proprietary Information-Use Pursuant to Company Instructions